## Marshall Field et al. v. Joseph Stout.

1. ATTACHMENTS—*Assignments of Property.*—Proof that a son assigned his property to his father to secure debts due to the father and debts that the father had become legally or morally bound to pay, will not sustain an attachment on the ground that the son had fraudulently conveyed his property in order to hinder and delay his creditors in the collection of their debts.

Attachment.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

HALL & HAIGHT, attorneys for appellants.

McDOUGALL & CHAPMAN, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On the 23d of February, 1895, the entire stock of goods which appellee, a retail merchant at Wenona, Illinois, owned, was destroyed by fire. It was insured for $10,000. Appellee was at the time indebted to the amount of $14,000 or $15,000. He was indebted to appellants $637.03. He owed his father about $1,500, and his father was, in addition, bound as security for him to the extent of several thousand dollars.

On the 25th of February, 1895, appellee assigned the insurance policies to his father, who subsequently obtained an adjustment of the loss for $9,400, which was all applied upon the indebtedness.

On the 26th of February appellants commenced suit by attachment, claiming that appellee had fraudulently assigned his property for the purpose of defrauding his creditors. The issues upon the attachment were decided in favor of the defendant, but the jury found the defendant was indebted to the plaintiffs in the sum of $637.03, and judgment was rendered accordingly.

Appellants ask a reversal of the judgment as to the attachment.

The only question involved is whether the assignment of the policies of insurance to appellee's father was for the purpose of hindering and delaying appellee's creditors in the collection of their debts. That appellee had the right to prefer his father and other of his creditors, is too well settled in Illinois to require the citation of authorities.

The purpose of the assignment was to enable the father to pay in full his own debt and the debts that he had become legally and morally bound for.

It does not seem that there was any intention that appellee should have returned to him any part of the money that should be collected on the policies, or that there was any arrangement or understanding that any of it should be used except in discharge of legal indebtedness.

Every dollar was used in that way. The verdict and judgment were right, and it is unnecessary to discuss instructions.